1

2

3

4                                                    **E-FILED on ___7/9/07___**

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                            SAN JOSE DIVISION

11

<table>
<tr><td>

12  PLS-PACIFIC LASER SYSTEMS,<br>a California general partnership,

13                    Plaintiff,

14          v.

15  TLZ INC., a California corporation, dba<br>TOOLZ, ROBOTOOLZ, INC., a California

16  corporation, TOOLZ GMBH, a German limited<br>liability company, and Toolz Ltd., a Hong

17  Kong limited liability company, JOSEPH<br>SCHUCHERT III, ANDREW BUTLER,

18  EDMUND SHEA, FRANK FERACO, and<br>ABBOTT STILLMAN,

19

20                    Defendants.

</td><td>

No. C-06-04585 RMW

ORDER DEFERRING RULING UPON<br>TOOLZ LTD.'S, STILLMAN'S, FERACO'S,<br>SCHUCHERT'S, AND SHEA'S MOTION TO<br>DISMISS FOR LACK OF PERSONAL<br>JURISDICTION; GRANTING TOOLZ<br>GMBH'S MOTION TO DISMISS FOR LACK<br>OF PERSONAL JURISDICTION AND TO<br>QUASH SERVICE; GRANTING TOOLZ<br>LTD.'S MOTION TO QUASH SERVICE;<br>AND GRANTING BUTLER'S MOTION TO<br>DISMISS FOR FAILURE TO STATE A<br>CLAIM[1]

</td></tr>
</table>

21

22          Defendants Toolz GmbH, Toolz Ltd., Abbott Stillman ("Stillman"), Frank Feraco ("Feraco"),

23  Joseph Schuchert III ("Schuchert"), Edmund Shea, Jr. ("Shea"), and Andrew Butler ("Butler")

24  ("defendants")[2] move to dismiss plaintiff's amended complaint ("AC").  First, defendants move to

25  _____

26  [1]     This order refers to defendants' motion to dismiss filed February 1, 2007, which does not
    currently have an assigned docket number.

27  [2]     For the purposes of this order "defendants" shall refer only to these moving defendants.

28  ORDER DEFERRING RULING UPON TOOLZ LTD.'S, STILLMAN'S, FERACO'S, SCHUCHERT'S, AND SHEA'S MOTION TO
    DISMISS FOR LACK OF PERSONAL JURISDICTION; GRANTING TOOLZ GMBH'S MOTION TO DISMISS FOR LACK OF
    PERSONAL JURISDICTION AND TO QUASH SERVICE; GRANTING TOOLZ LTD.'S MOTION TO QUASH SERVICE; AND
    GRANTING BUTLER'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM—No. C-06-04585 RMW
    SPT

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1  quash service on Toolz GmbH and Toolz Ltd. for improper service and to dismiss the claims against

2  them for lack of personal jurisdiction or venue.  Second, defendants move to dismiss plaintiff's

3  complaint for failure to state a claim.  Plaintiff PLS-Pacific Laser Systems ("PLS") opposes the

4  motions.  The court has read the moving and responding papers and considered the arguments of

5  counsel.

6        For the reasons set forth below, the court the court DEFERS ruling upon defendants Toolz

7  Ltd.'s, Stillman's, Feraco's, Schuchert's, and Shea's motion to dismiss for lack of personal jurisdiction

8  pending additional jurisdictional discovery as to the agency theory against Toolz Ltd. and as to

9  defendants Stillman's, Feraco's, Schuchert's, and Shea's California contacts.  Said defendants may re-

10 notice their motions after ninety days.  The court (1) GRANTS defendants' motion to dismiss the

11 complaint against Toolz GmbH for lack of personal jurisdiction and to quash service as to Toolz

12 GmbH without leave to cure defective service; (2) GRANTS defendants' motion to quash service of

13 process as to Toolz Ltd., with leave to cure defective service; and (3) GRANTS defendant Butler's

14 motion to dismiss PLS's claims for failure to state a claim with leave to amend its claims.  Plaintiff

15 shall file its amended complaint within forty-five (45) days from the date of this order.

16                                **I. BACKGROUND**

17       **A.      The Parties**

18       This is an action for patent infringement and breach of a settlement agreement.  PLS is a

19 general partnership organized under the laws of the State of California with its principal place of

20 business in Sausalito, California.  AC ¶ 1.  TLZ, Inc. is a California corporation with its principal

21 place of business in Mountain View, California that previously did business as Toolz, and is now

22 known as RoboToolz, Inc. ("RoboToolz").  *Id.* ¶¶ 2-3.  Defendant Toolz GmbH is a business

23 organized and existing under the laws of Germany, and has its principal place of business in

24 Munich, Germany.  *Id.*  ¶ 4.  Toolz GmbH does not sell any products in the United States, but

25 provides services in Europe for RoboToolz branded products.  Decl. of Thomas Zimmerman Supp.

26 Mot. Quash and Dismiss for Lack of Personal Jurisdiction ("Zimmerman Decl.") ¶ 3.

27

28 ORDER DEFERRING RULING UPON TOOLZ LTD.'S, STILLMAN'S, FERACO'S, SCHUCHERT'S, AND SHEA'S MOTION TO
   DISMISS FOR LACK OF PERSONAL JURISDICTION; GRANTING TOOLZ GMBH'S MOTION TO DISMISS FOR LACK OF
   PERSONAL JURISDICTION AND TO QUASH SERVICE; GRANTING TOOLZ LTD.'S MOTION TO QUASH SERVICE; AND
   GRANTING BUTLER'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM—No. C-06-04585 RMW
   SPT                                                        2

United States District Court
For the Northern District of California

1      Defendant Toolz Ltd. is a business organized and existing under the laws of Hong Kong, and

2  has its principal place of business in Kowloon, Hong Kong.  Toolz Ltd. designs and manufactures

3  precision measurement tools, including laser-leveling tools.  Decl. of Bill Yung Supp. Mot. Quash

4  and Dismiss for Lack of Personal Jurisdiction ("Yung Decl.") ¶ 2.  Toolz Ltd. does not advertise or

5  market its products in California.  *Id.* ¶ 5.  Certain of the products manufactured by Toolz Ltd. are

6  distributed in California and the United States by RoboToolz, but purportedly Toolz Ltd. does not

7  supply and RoboToolz does not distribute any of the allegedly infringing products.  *Id.* ¶ 6.

8      Defendants Schuchert, Shea, Feraco, and Stillman were all members of TLZ's board of

9  directors and are all members of RoboToolz's board of directors.  *Id.* ¶ 6, 11, 13, 15.  Defendant

10  Stillman is also President of RoboToolz.  *Id.* ¶ 15.  Defendant Butler was a member of TLZ's board

11  of directors, and President of TLZ.  *Id.* ¶ 8.  He is currently a managing director of Toolz GmbH.  *Id.*

12      **B.      Infringement Claims**

13      PLS is the assignee and sole owner of United States Patent No. 5,144,487 ("the '487 patent")

14  for an invention entitled "Portable Laser Device for Alignment of Tasks."  *Id.* ¶ 30.  PLS alleges that

15  defendants have infringed the '487 patent through "the manufacture, use, importation, offer for sale,

16  and/or sale" of their RoboVector™ device.  *Id.* ¶ 31.  PLS further alleges that defendants have

17  supplied all or a substantial portion of components of an infringing device such as to induce the

18  assembly of such a device outside the United States with the knowledge and intent that such

19  components would be used in an infringing device outside the United States.  *Id.* ¶ 32.

20      **C.      Prior Settlement Agreement**

21      PLS previously sued TLZ for infringement of the '487 patent.  *See* C-00-20500 RMW.  *Id.* ¶

22  37.  On July 6, 2001 the parties entered into a Settlement Agreement.  *Id.* ¶ 39; Ex. B (filed under

23  seal).  On July 11, 2001 the court ordered dismissal of the case with prejudice based upon the

24  parties' stipulation of settlement of the case.  *Id.* ¶ 38.  The Settlement Agreement was "entered into

25  by and between PLS-Pacific Laser Systems . . . and TLZ."  *Id.*, Ex. B at 1.  The recitals in the

26  Settlement Agreement provide, *inter alia*, that PLS and TLZ "desire to resolve certain litigation

27

28  ORDER DEFERRING RULING UPON TOOLZ LTD.'S, STILLMAN'S, FERACO'S, SCHUCHERT'S, AND SHEA'S MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION; GRANTING TOOLZ GMBH'S MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION AND TO QUASH SERVICE; GRANTING TOOLZ LTD.'S MOTION TO QUASH SERVICE; AND
GRANTING BUTLER'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM—No. C-06-04585 RMW
SPT                                                                3

United States District Court
For the Northern District of California

1  between them relating to the RoboVector that has arisen in connection with the '487 patent." *Id.* at

2  1, § D.  Among other things, the Settlement Agreement provides that

> [PLS], and all of its present and former partners, agents, employees, and
> its and their successors and assigns, provide a general release to Toolz, its present and
> former officers, directors, shareholders, agents, employees and attorneys, contract
> manufacturers of the RoboVector™ Current Design and components thereof for Toolz,
> distributors, resellers, customers, and users, and their successors and assigns from any
> and all claims or causes of actios, in law or in equity, demands, liabilities, losses,
> damages, costs, expenses, compensation, and all other damages and liabilities of any
> kind or nature whatsoever, direct or indirect, whether or not now known, suspected or
> claimed . . . which arise out of or relate to the claims or counterclaims asserted in this
> Action.

*Id.* at 3, § 3(e)(i).  A similar release was reciprocated by Toolz in the Settlement Agreement.  *Id.* at

4, § 3(e)(ii).

Under the Settlement Agreement PLS agreed to (1) grant a license and covenant not to sue to

Toolz "to make, have made, use, offer for sale, sell and import the RoboVector™ Current Design"

(2) grant a license to "manufacturers of the RoboVector™ Current Designand components thereof

for Toolz, to make and use the [PLS patents] for Toolz, and (3) grant a license to authorized

distributors, resellers and end users of the RoboVector™ Current Design, to sell, offer to sell, import

and use the RoboVector™ Current Design.  *Id.* at 4, § 4(a).  The license and covenant not to sue

extended from July 31, 1999 through December 31, 2001 with respect to activities in the United

States and from July 31, 1999 through June 1, 2002 with respect to activities outside the United

States.  *Id.* at 4-5, § 4(a).  Further, with respect to the license granted to Toolz's distributors,

resellers, and end users, the license "shall extend from July 31, 1999 through the last to expire of the

[PLS patents] with respect to RoboVector™ Current Design products sold by Toolz in the United

States prior to January 1, 2002 or sold by Toolz outside the United States prior to June 2, 2002."  *Id.*

Toolz agreed, *inter alia*, to phase out sales of the RoboVector Current Design and not make

any sales of such product in the United States for delivery after December 31, 2001 or outside the

United States for delivery after June 1, 2002.  *Id.* at 5, § 5(a).

The Settlement Agreement provides that this court shall retain jurisdiction to enforce the

agreement:

1   the U.S. District Court for the Northern District of California, San Jose Division shall
2   retain jurisdiction to enforce the terms of this Agreement and any suit to enforce any
    provision of this Agreement or arising out of or based upon this Agreement shall be
3   brought in that Court or in the Superior Court of Santa Clara County, State of
    California.

4   Defendant Butler signed the Settlement Agreement as the duly authorized representative of "TLZ,

5   Inc." in the capacity of "President." *Id.* at 10.

6       PLS's second claim for relief alleges that defendants breached the Settlement Agreement on

7   the basis that RoboToolz has continued to sell products meeting the definition of RoboVector

8   Current Design, as contemplated by the agreement, through several resellers in Europe.  AC ¶ 42.

9                               **II.  ANALYSIS**

10      In a Fed. R. Civ. P. 12(b)(2) motion to dismiss for lack of personal jurisdiction, "the plaintiff

11  bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin*

12  *Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir.

13  1990)).  When a district court rules on a motion to dismiss for lack of personal jurisdiction without

14  holding an evidentiary hearing, the plaintiff need only make a *prima facie* showing of the

15  jurisdictional facts to withstand the motion.  *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir.

16  2001).  In order to make a *prima facie* showing, plaintiff must allege facts which, if true, would be

17  sufficient to establish personal jurisdiction.  *Id.*  If not directly controverted, plaintiffs' version of the

18  facts is taken as true for the purposes of the motion.  *Id.*  Conflicts between the facts stated in the

19  parties' affidavits must be resolved in plaintiff's favor during a *prima facie* jurisdictional analysis.

20  *Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002); *Bancroft & Masters, Inc. v. Augusta*

21  *Nat'l, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000); *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d

22  586, 588 (9th Cir. 1996).  Nevertheless, a plaintiff cannot "simply rest on the bare allegations of its

23  complaint." *Schwarzenegger*, 911 F.2d at 1361 (citing *Amba Marketing Sys., Inc. v. Jobar Int'l, Inc.*,

24  551 F.2d 784, 787 (9th Cir. 1977)).

25      **A.      Retention of Jurisdiction**

26      Plaintiff first argues that personal jurisdiction over the foreign entities—Toolz GmbH and

27  Toolz Ltd.—as well as the individual director defendants exists because the Settlement Agreement

28  ORDER DEFERRING RULING UPON TOOLZ LTD.'S, STILLMAN'S, FERACO'S, SCHUCHERT'S, AND SHEA'S MOTION TO
    DISMISS FOR LACK OF PERSONAL JURISDICTION; GRANTING TOOLZ GMBH'S MOTION TO DISMISS FOR LACK OF
    PERSONAL JURISDICTION AND TO QUASH SERVICE; GRANTING TOOLZ LTD.'S MOTION TO QUASH SERVICE; AND
    GRANTING BUTLER'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM—No. C-06-04585 RMW
    SPT                                                 5

1  provided that this court retain jurisdiction to enforce the terms of the Agreement or any claim arising

2  out of or based on the Agreement.  Specifically, plaintiff argues that jurisdiction exists over the

3  foreign entities and individual defendants because (1) the Settlement Agreement defines "Toolz" to

4  mean "TLZ, Inc. and all of its present and former officers, directors, shareholders, agents, employees

5  and attorneys, and their successors and assigns," AC, Ex. B ¶ 1(b), (2) the directors' silence in face

6  of their knowledge of the Agreement for the past five years while accepting the benefits of the

7  Agreement constitutes their ratification of it; (3) Toolz GmbH and Toolz Ltd. are TLZ's agents, and

8  (4) the Settlement Agreement calls for a license, covenant not to sue, and other rights conferred that

9  encompass activities both in the United States and outside the United States such that the Agreement

10 would be meaningless if the foreign entities were not included in the Agreement's provisions.

11 Defendants argue that the jurisdiction provision in the Agreement does not apply to Toolz GmbH,

12 Toolz Ltd., and the individual defendants because none of them is a party to the Settlement

13 Agreement.

14      "[P]arties to a contract may agree in advance to submit to the jurisdiction of a given court."

15 *Dow Chem. Co. v. Calderon*, 422 F.3d 827, 831 (9th Cir. 2005) (citation and internal quotes

16 omitted).  The court does not find that the contractual definition of "Toolz" renders all of its

17 directors, officers, and agents parties to the Settlement Agreement.  Notably, the suit settled by the

18 Settlement Agreement was between only PLS and TLZ, Inc. (dba Toolz).  The Agreement provides

19 that the "Settlement Agreement . . . is entered into by and between PLS-Pacific Laser Systems . . .

20 and TLZ, Inc. dba Toolz."  The Agreement refers to the contracting entities as the "parties."  *See,*

21 *e.g.*, AC, Ex. B at 1 ("in consideration of the premises [sic] and for the mutual consideration

22 hereinafter set forth, the parties agree as follows"); *id.* ¶ 3(a) ("The parties have entered into this

23 Agreement in settlement of the claims asserted by each party in the following action: *PLS-Pacific*

24 *Laser Systems v TLZ, Inc. dba Toolz,* Civil Action No. C-00-20500 RMW (PVT)").  The Agreement

25 was executed only as between the parties.  *See id.* at 10 ("the parties have caused this Agreement to

26 be executed by their duly authorized representatives").  Because PLS has not shown that the

27 individual directors, Toolz GmbH, or Toolz Ltd. were parties to the Settlement Agreement, the court

28

United States District Court
For the Northern District of California

1    does not find that jurisdiction has been conferred over these defendants by virtue of the provision in

2    the Settlement Agreement retaining jurisdiction.

3         **B.    General Jurisdiction**

4         PLS next argues that there is general jurisdiction over defendants.  In the alternative, PLS

5    seeks limited jurisdictional discovery.  Where the issue of personal jurisdiction is not prescribed by

6    federal statute, the district court applies the law of the state in which the court sits.  *Panavision Int'l,*

7    *L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).  California's long-arm jurisdictional statute is

8    coextensive with federal due process requirements.  *See* CAL. CIV. PROC. CODE § 410.10.

9    Accordingly, the same jurisdictional analysis applies under both state law and federal due process

10   requirements.  *Id.*  Due process requires that a court exercise personal jurisdiction over a defendant

11   only if the defendant has such minimum contacts with the forum state that the exercise of

12   jurisdiction "does not offend traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v.*

13   *Washington*, 326 U.S. 310, 316 (1945).  There is general jurisdiction over a defendant where the

14   defendant's contacts with the forum state "are so substantial, continuous, and systematic that the

15   defendant can be deemed to be 'present' in that forum for all purposes."  *Yahoo! Inc. v. La Ligue*

16   *Contre Le Racisme et L'antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006) (*en banc*).  Absent

17   general jurisdiction, a forum may exercise only specific jurisdiction based on the relationship

18   between a defendant's forum contacts and the plaintiff's claim.  *Id.*

19        **1.    Toolz Ltd.**

20        PLS argues that RoboToolz serves as the agent for Toolz Ltd.  "Where the parent and

21   subsidiary are not really separate entities, or one acts as an agent of the other, the local subsidiary's

22   contacts with the forum may be imputed to the foreign parent corporation."  *Unocal*, 248 F.3d at 926

23   (citation and internal quotation marks omitted).  "An alter ego or agency relationship is typified by

24   parental control of the subsidiary's internal affairs or daily operations."  *Id.*[3]  "The agency test is

25   satisfied by a showing that the subsidiary functions as the parent corporation's representative in that

26   _____

27   [3]      PLS does not appear to argue that the alter ego exception applies in this case.

28   ORDER DEFERRING RULING UPON TOOLZ LTD.'S, STILLMAN'S, FERACO'S, SCHUCHERT'S, AND SHEA'S MOTION TO
     DISMISS FOR LACK OF PERSONAL JURISDICTION; GRANTING TOOLZ GMBH'S MOTION TO DISMISS FOR LACK OF
     PERSONAL JURISDICTION AND TO QUASH SERVICE; GRANTING TOOLZ LTD.'S MOTION TO QUASH SERVICE; AND
     GRANTING BUTLER'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM—No. C-06-04585 RMW
     SPT                                                                    7

United States District Court
For the Northern District of California

it performs services that are sufficiently important to the foreign corporation that if it did not have a representative to perform them, the corporation's own officials would undertake to perform substantially similar services." *Id.* at 928. Such a showing may be made if the subsidiary is established for or engages in activities that the parent would have to undertake itself if the subsidiary did not exist. *Id.* In other words, the question is whether the subsidiary's presence essentially substitutes for the parent's presence. *Id.* (citation omitted). The rationale for this rule is that "if a subsidiary performs functions that the parent would otherwise have to perform, the subsidiary then functions as merely the incorporated department of its parent. *Id.* (citation and internal quotation marks omitted).

Toolz Ltd. manufactures products of which some are distributed in California and the United States by RoboToolz. Toolz Ltd. does not perform its own advertising, marketing, or sales in the United States. It is unclear whether RoboToolz is Toolz Ltd.'s sole distributor to California. PLS maintains that it is, but defendants argue that RoboToolz does not distribute the alleged infringing products in the United States. In any case, it is not disputed that Toolz Ltd. does not distribute its own products in the United States, but relies at least in part upon RoboToolz to do so. Although there is no indication of the amounts or revenues generated for Toolz Ltd. through sales by RoboToolz, RoboToolz's function is potentially significant to Toolz Ltd.'s operations and ability to generate revenue. Although the record is not sufficiently developed, the court finds that limited jurisdictional discovery is warranted on the issue of whether RoboToolz serves as an agent of Toolz Ltd. such that RoboToolz's California presence may be imputed to Toolz Ltd. *See Laub v. U.S. Dept. of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) ("[D]iscovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.") (citing *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir.1986)).

### 2.   Toolz GmbH

As to defendant Toolz GmbH, PLS argues general jurisdiction exists because "represents itself as maintaining a significant business presence in California" because it identifies its

ORDER DEFERRING RULING UPON TOOLZ LTD.'S, STILLMAN'S, FERACO'S, SCHUCHERT'S, AND SHEA'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; GRANTING TOOLZ GMBH'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND TO QUASH SERVICE; GRANTING TOOLZ LTD.'S MOTION TO QUASH SERVICE; AND GRANTING BUTLER'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM—No. C-06-04585 RMW
SPT                                                    8

**United States District Court**
For the Northern District of California

1    headquarters as the RoboToolz headquarters in California, and an old website listed the California

2    address.  These facts, if accepted, show only that Toolz GmbH is affiliated with TLZ, Inc. or

3    RoboToolz.  This is not sufficient to establish that Toolz GmbH's own contacts with California are

4    "so substantial, continuous, and systematic" that it can be deemed "present" in California for all

5    purposes.  *See Doe v. Unocal Corp.*, 248 F.3d 915, 925 (9th Cir. 2001) ("*Unocal*") ("The existence

6    of a relationship between a parent company and its subsidiaries is not sufficient to establish personal

7    jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum.")

8    (citation omitted).  PLS also argues that RoboToolz is Toolz GmbH's agent and, therefore,

9    RoboToolz's California contacts may be imputed to Tooz GmbH.  In particular, PLS notes that

10   Toolz GmbH and RoboToolz share the same set of directors.  Further, Toolz GmbH relies in part on

11   RoboToolz's success since if RoboToolz ceased operations, the number of products requiring service

12   by Toolz GmbH would decrease.  Conversely, Toolz GmbH benefits from RoboToolz's success.

13   These considerations are insufficient to establish an agency relationship between RoboToolz and

14   Toolz GmbH.  Notably, PLS points only to general characteristics that exist in essentially all parent-

15   subsidiary relationships.  In addition, the fact that directors of the parent corporation also serve as

16   directors of the subsidiary "alone may not serve to expose the parent corporation to liability for its

17   subsidiary's acts." *Id.* at 926.  PLS offers little upon which to support a finding of an agency

18   relationship between Toolz GmbH and RoboToolz.  The court does not find additional jurisdictional

19   discovery warranted as to Toolz GmbH.  *See Terracom v. Valley Nat. Bank*, 49 F.3d 555, 562 (9th

20   Cir. 1995) ("Where a plaintiff's claim of personal jurisdiction appears to be both attenuated and

21   based on bare allegations in the face of specific denials made by defendants, the Court need not

22   permit even limited discovery.").

23           **C.      Specific Jurisdiction**

24           PLS also argues that specific jurisdiction exists over Toolz Ltd., Toolz GmbH, Stillman, and

25   Feraco.  In the Ninth Circuit, specific jurisdiction is analyzed under a three prong test:  (1) the

26   defendant must purposefully direct his activities or consummate some transaction with the forum

27   state or a resident of the forum state, (2) the claim alleged is one that arises out of or relates to the

28   ORDER DEFERRING RULING UPON TOOLZ LTD.'S, STILLMAN'S, FERACO'S, SCHUCHERT'S, AND SHEA'S MOTION TO
     DISMISS FOR LACK OF PERSONAL JURISDICTION; GRANTING TOOLZ GMBH'S MOTION TO DISMISS FOR LACK OF
     PERSONAL JURISDICTION AND TO QUASH SERVICE; GRANTING TOOLZ LTD.'S MOTION TO QUASH SERVICE; AND
     GRANTING BUTLER'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM—No. C-06-04585 RMW
     SPT                                                          9

United States District Court
For the Northern District of California

1    defendant's forum contacts, and (3) the exercise of jurisdiction must comport with fair play and

2    substantial justice. *Yahoo!*, 433 F.3d at 1205-06 (citing *Schwarzenegger*, 374 F.3d 797, 802 (9th

3    Cir. 2004)). The plaintiff bears the burden of establishing the first and second prongs, after which

4    the burden shifts to the defendant to "'present a compelling case' that the exercise of jurisdiction

5    would not be reasonable." *Schwarzenegger*, 374 F.3d at 802 (quoting *Burger King Corp. v.*

6    *Rudzewicz*, 471 U.S. 462, 476-78 (1985)). The first prong requires purposeful availment. This

7    prong may be satisfied by showing purposeful availment of the privilege of doing business in the

8    forum on the part of the defendant, purposeful direction by the defendant of activities at the forum,

9    or a combination thereof. *Yahoo!*, 433 F.3d at 1206.

10           PLS argues that Feraco and Stillman "directed, and continue to direct, their actions toward

11   California through at least telephone calls and physical visits." PLS's Opp'n at 11:12-13. PLS

12   asserts that Feraco and Stillman use these contacts at RoboToolz "and leverage their positions as

13   members of the Board of Directors" to infringe the '487 patent and to induce infringement of the '487

14   patent. *Id.* at 11:13-20. PLS further contends that Feraco and Stillman "use these contacts and

15   positions to direct activities in the [United States] and abroad that constitute breach of the Settlement

16   Agreement negotiated and entered into in California.

17           These bare assertions are insufficient to establish a *prima facie* case that Feraco and Stillman

18   either purposefully availed themselves of the privilege to do business in California or purposefully

19   directed activities in California. First, PLS alludes only to telephone calls and visits by Feraco and

20   Stillman. However, "ordinarily use of the mails, telephone, or other international communications

21   simply do not qualify as purposeful activity invoking the benefits and protection of the forum state."

22   *Roth v. Garcia Marquez*, 942 F.2d 617, 622 (9th Cir. 1991) (internal quotation marks and citation

23   omitted). In addition, "temporary physical presence in the forum does not suffice to confer personal

24   jurisdiction." *Id.* at 621. Second, the mere fact that a corporation is subject to local jurisdiction does

25   not necessarily mean its nonresident officers, directors, agents, and employees are suable locally as

26   well. *See Calder v. Jones*, 465 U.S. 783, 790 (1984); *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 521

27   (9th Cir. 1989). According to the record, Stillman is a director of RoboToolz and is also chief

28   ORDER DEFERRING RULING UPON TOOLZ LTD.'S, STILLMAN'S, FERACO'S, SCHUCHERT'S, AND SHEA'S MOTION TO
     DISMISS FOR LACK OF PERSONAL JURISDICTION; GRANTING TOOLZ GMBH'S MOTION TO DISMISS FOR LACK OF
     PERSONAL JURISDICTION AND TO QUASH SERVICE; GRANTING TOOLZ LTD.'S MOTION TO QUASH SERVICE; AND
     GRANTING BUTLER'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM—No. C-06-04585 RMW
     SPT

United States District Court
For the Northern District of California

executive officer of RoboToolz and chairman of RoboToolz's board of directors.  He resides in New York.  Feraco is a director of RoboToolz and resides in Illinois.  Second, PLS does not point to "telephone calls" or "visits" by Feraco or Stillman other than generally in their capacities as directors and officers of RoboToolz.  An employee's contacts "are not to be judged according to their employer's activities there."  *Calder*, 465 U.S. at 790.[4]  Rather, "[e]ach defendant's contacts with the forum State must be assessed individually."  *Id.*  PLS does not sufficiently show how Stillman and Feraco's contacts give rise to personal jurisdiction over them in California.

PLS sole argument that the purposeful availment prong has been satisfied for Toolz GmbH and Toolz Ltd. is that these entities "use[d] their contacts at RoboToolz in California, including Shea, Butler, and Schuchert, to violate 35 U.S.C. sections 271 and 271(f) and breach the terms of the [Settlement] Agreement."  PLS's Opp'n at 11:22-26.  As with the assertions regarding Feraco and Stillman, these bare assertions are insufficient to establish specific jurisdiction over Toolz GmbH and Toolz Ltd.

Next, PLS contends defendants "purposefully availed themselves of the privilege of doing business in California by negotiating for and entering into the Settlement Agreement."  PLS's Opp'n at 12:1-2.  The existence of a contract with a resident of the forum state, without more, is insufficient to create personal jurisdiction over a nonresident.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985).  However, a party's course of dealing with respect to the contract may evidence its "deliberate affiliation with the forum State and the reasonable foreseeability of possible litigation there."  *Id.* at 482.  That is, the "economic realities" of a contract may establish that there is personal

---

[4]     Defendants cite to *Colt Studio, Inc. v. Badpuppy Enterprise*, 75 F. Supp. 2d 1104, 1111 (C.D. Cal. 1999), for the proposition that "[f]or jurisdictional purposes, the acts of corporate officers and directors in their official capacities are the acts of the corporation exclusively and are thus not material for purposes of establishing minimum contacts as to the individuals." (citing *Shearer v. Superior Court*, 70 Cal. App. 3d 424, 430 (1977)).  However, in *Calder*, the Supreme Court explicitly held that the individual defendants' "status as employees does not somehow insulate them from jurisdiction."  465 U.S. at 790.  In *Calder*, the Court concluded that there was personal jurisdiction over the individual defendants based on a combination of their writing and editing of a story in their capacities as employees and their knowledge that such a story would be circulated widely in California with the intended effect of causing injury there.  *Id.* at 789-90.  Therefore, the court cannot agree with the broad proposition that the acts of corporate officers and directors in their official capacities are irrelevant to the question of minimum contacts.

**United States District Court**
For the Northern District of California

1  jurisdiction over the nonresident contracting party. *See Roth*, 942 F.2d at 622 ("In looking at the

2  'economic reality,' . . . it seems that the contract's subject would have continuing and extensive

3  involvement with the forum."); s*ee also Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1353

4  (Fed. Cir. 2003) ("[W]here a contract between a forum and out-of-state resident is involved, [the

5  court must] examine the prior negotiations and contemplated future consequences, along with the

6  terms of the contract and the parties' actual course of dealing to determine whether the defendant

7  purposefully established minimum contacts with the forum.").  Nevertheless, these cases do not hold

8  that non-parties to a contract may be subject to personal jurisdiction on the same basis as parties to

9  the contract.  The court concludes that PLS cannot sustain a showing of personal jurisdiction over

10 the moving defendants on the basis of the Settlement Agreement because, as noted in Section II.A,

11 *infra*, the moving defendants are not parties to the Settlement Agreement.  Even if the moving

12 defendants are bound by or benefit from certain of the provisions in the Settlement Agreement, the

13 parties to the Agreement are PLS and RoboToolz (formerly TLZ, Inc.).

14      Because the court finds that PLS has not established the first prong of the specific

15 jurisdiction test, it does not reach the additional elements of that test.  PLS has failed to make a

16 *prima facie* showing that this court has specific personal jurisdiction over the moving defendants.

17      **D.      Service of Process**

18      Defendants also argue that service of process was defective as to Toolz Ltd. and Toolz

19 GmbH because PLS left copies of the summons and amended complaint only at the offices of

20 RoboToolz.  PLS argues that RoboToolz is an agent for Toolz Ltd. and Toolz GmbH, and because

21 the Settlement Agreement provided that notices and communications "required or permitted" to be

22 given under the Agreement may be personally served upon RoboToolz.  *See* AC, Ex. B at ¶ 9(e).

23 Fed. R. Civ. P. 4(h) provides:

24          Unless otherwise provided by federal law, service upon a domestic or foreign
            corporation or upon a partnership or other unincorporated association that is subject
25          to suit under a common name, and from which a waiver of service has not been
            obtained and filed, shall be effected: (1) in a judicial district of the United States in
26          the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy
            of the summons and of the complaint to an officer, a managing or general agent, or to
27          any other agent authorized by appointment or by law to receive service of process

28 ORDER DEFERRING RULING UPON TOOLZ LTD.'S, STILLMAN'S, FERACO'S, SCHUCHERT'S, AND SHEA'S MOTION TO
   DISMISS FOR LACK OF PERSONAL JURISDICTION; GRANTING TOOLZ GMBH'S MOTION TO DISMISS FOR LACK OF
   PERSONAL JURISDICTION AND TO QUASH SERVICE; GRANTING TOOLZ LTD.'S MOTION TO QUASH SERVICE; AND
   GRANTING BUTLER'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM—No. C-06-04585 RMW
   SPT                                                  12

United States District Court
For the Northern District of California

1
2
3

and, if the agent is one authorized by statute to receive service and the statute so
requires, by also mailing a copy to the defendant, or (2) in a place not within any
judicial district of the United States in any manner prescribed for individuals by
subdivision (f) except personal delivery as provided in paragraph (2)(C)(i) thereof.

4

As noted above, PLS has not made a sufficient showing that RoboToolz is an agent authorized to

5

receive service on behalf of Toolz Ltd. or Toolz GmbH as permitted by Rule 4(h).  PLS does not

6

dispute that it did not effect service within the means permitted by Rule 4(f),[5] but seeks leave to cure

7

defective service.  Defendants argue that PLS should not be allowed to cure defective service since

8

they are not subject to personal jurisdiction in California.  Because the court finds that assertion of

9

personal jurisdiction over Toolz Ltd. is not futile, *see* Section II.A, *infra*, PLS is granted leave to

10

cure improper service of process as to Toolz Ltd.  *See Securities Investor Protection Corp. v.*

11

*Vigman*, 764 F.2d 1309, 1316 (9th Cir. 1985) ("[I]f the district court finds that Mobile's acts were

12

sufficient to confer personal jurisdiction, appellants should be allowed to perfect service of

13

process.").

14

**E.      Venue**

15

Defendants argue that venue does not lie in this district as to Schuchert, who resides in Palos

16

Verdes Estates, California, Shea, who resides in San Marino, California, Stillman who resides in

17

New York, and Feraco, who resides in Illinois.  Defendants also argue that venue in this judicial

18

district is improper as to Toolz GmbH and Toolz Ltd.  Pursuant to 28 U.S.C. § 1400(b), "[a]ny civil

19

[5] Fed. R. Civ. P. 4(f) provides:

20
21
22
23
24
25
26
27

Unless otherwise provided by federal law, service upon an individual from whom a
waiver has not been obtained and filed . . . may be effected in a place not within any
judicial district of the United States: (1) by any internationally agreed means
reasonably calculated to give notice, such as those means authorized by the Hague
Convention on the Service Abroad of Judicial and Extrajudicial Documents; or (2) if
there is no internationally agreed means of service or the applicable international
agreement allows other means of service, provided that service is reasonably
calculated to give notice: (A) in the manner prescribed by the law of the foreign
country for service in that country in an action in any of its courts of general
jurisdiction; or (B) as directed by the foreign authority in response to a letter rogatory
or letter of request; or (C) unless prohibited by the law of the foreign country, by (i)
delivery to the individual personally of a copy of the summons and the complaint; or
(ii) any form of mail requiring a signed receipt, to be addressed and dispatched by the
clerk of the court to the party to be served; or (3) by other means not prohibited by
international agreement as may be directed by the court.

28

United States District Court
For the Northern District of California

1  action for patent infringement may be brought in the judicial district where the defendant resides, or

2  where the defendant has committed acts of infringement and has a regular and established place of

3  business." PLS contends that venue is proper as to its patent infringement claim based on (1)

4  defendants' consent to venue in this district in the Settlement Agreement, and (2) the existence of

5  personal jurisdiction over defendants.

6  **1.    Toolz GmbH and Toolz Ltd.**

7  "Venue in a patent action against a corporate defendant exists wherever there is personal

8  jurisdiction." *Trintec Indus. Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1280 (Fed. Cir.

9  2005); *see* 28 U.S.C. § 1391(c).  Therefore, as to the patent infringement claims against Toolz

10  GmbH and Toolz Ltd. no inquiry separate from that of personal jurisdiction, addressed in Section

11  II.A, *infra*, is necessary.  *See id.*

12  **2.    Nonresident Director Defendants**

13  PLS cites *Hoover Group v. Custom Metalcraft*, 84 F.3d 1408, 1410 (Fed. Cir. 1996) for the

14  proposition that for inducement infringement claims against directors, venue is based on the venue

15  provisions for the corporation.  However, PLS reads *Hoover* too broadly.  In *Hoover*, the plaintiff

16  charged defendant Holden with personal liability for infringement and inducement to infringe the

17  Hoover patents.  *Id.*  Holden was the president, chief executive officer, and principal shareholder of

18  the allegedly infringing corporation.  *Id.*  The complaint alleged that Holden made all major

19  decisions concerning the business involved in this lawsuit.  The court concluded the allegations that

20  Holden had sufficient "ownership, control, and active management of the corporation provide

21  sufficient basis for finding that venue was proper under §§ 1400(b) and 1391(c)." *Id.* at 1411.  In

22  particular, the court noted that such facts, whether or not they are sufficient to support piercing of

23  the corporate veil, sufficiently allege that venue as to the director for inducement.  *Id.* at 1410.

24  However, the court also expressly observed that "venue as to corporate employees charged with

25  personal liability for acts taken as individuals, not as the alter ego of the corporation, does not flow

26  automatically to forums in which venue is proper as to the corporation." *Id.*

27  Here, PLS has not made any particular allegations of the directors' roles in allegedly

28  ORDER DEFERRING RULING UPON TOOLZ LTD.'S, STILLMAN'S, FERACO'S, SCHUCHERT'S, AND SHEA'S MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION; GRANTING TOOLZ GMBH'S MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION AND TO QUASH SERVICE; GRANTING TOOLZ LTD.'S MOTION TO QUASH SERVICE; AND
GRANTING BUTLER'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM—No. C-06-04585 RMW
SPT                                                   14

1    inducing infringement, including any ownership, control, or active management of the corporation's

2    infringing activities.  Accordingly, the court concludes that the allegations in PLS's complaint do not

3    support a finding that venue lies as to the nonresident directors.

**3.    Breach of Contract Claim**

5        PLS also argues that venue as to the breach of contract claim lies in this district because the

6    "negotiation, approval, and execution of the Settlement Agreement occurred in the Northern

7    District" and these activities "constitute a substantial part of the events giving rise to the claim."

8    Because the court has concluded that the individual directors, Toolz GmbH, and Toolz Ltd. are not

9    parties of the Settlement Agreement, the Settlement Agreement is not a basis upon which venue can

10   be established as to these defendants.

**F.    Failure to State a Claim**

12       Defendants filed a motion to dismiss PLS's claims for failure to state a claim concurrent with

13   their motion to quash service and to dismiss for lack of personal jurisdiction.  Because the court has

14   not concluded that it has personal jurisdiction as to defendants Toolz Ltd., Stillman, Feraco, Shea,

15   and Schuchert, and has concluded that it does not have personal jurisdiction over Toolz GmbH, the

16   court does not reach their Rule 12(b)(6) motion.  Therefore, only defendant Butler's motion to

17   dismiss plaintiff's claims for failure to state a claim is currently before this court.

18       Defendant Butler moves to dismiss PLS's claims for (1) breach of the Settlement Agreement,

19   and (2) patent infringement for failure to state a claim.

**1.    Breach of Settlement Agreement**

21       Butler argues that he cannot be sued for breach of the Settlement Agreement because he was

22   not a party to the agreement.  "Breach of contract cannot be made the basis of an action for damages

23   against defendants who did not execute it and who did nothing to assume its obligations."  *Gold v.*

24   *Gibbons*, 178 Cal. App. 2d 517, 519 (1960); *see also Sessions v. Chrysler Corp.*, 517 F.2d 759, 760

25   (1975) (holding that the corporate entity who signed the contract, but not the individual non-signing

26   defendants, may be liable under a breach of contract theory).  In opposition, PLS does not argue that

27   a non-party to a contract may be sued for breach of the contract.  Instead, PLS argues that Butler is a

28

United States District Court
For the Northern District of California

1   party to the Settlement Agreement on the same grounds discussed *infra*, Section II.A.  As the court

2   already concluded, such grounds are insufficient to establish that the individual defendants,

3   including Butler, were party to the Settlement Agreement.

**2.   Patent Infringement**

5   Butler argues that PLS has failed to state a patent infringement claim against him because the

6   allegations fail to differentiate between RoboToolz, the other corporate defendants, and the

7   individual director defendants.  PLS argues that the amended complaint properly grouped the

8   defendants because the same underlying facts and theories of infringement apply to all the

9   defendants.  Rule 8(a)(2) requires "a short and plain statement of the claim that will give the

10  defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v.*

11  *Gibson*, 355 U.S. 41, 47 (1957); *see also Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal.

12  1988) (holding that where allegations are made against multiple defendants, "plaintiff must allege

13  the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2),

14  which requires a short and plain statement of the claim to put defendants on sufficient notice of the

15  allegations against them").

16  Here, PLS alleges that "[d]efendants and their affiliates have infringed and continued to

17  infringe the '487 patent by making, using, importing, offering for sale, and/or selling a portable laser

18  device for alignment which embodies the patented invention set forth in the '487 patent claims."  AC

19  ¶ 30.  Further, "[d]efendants have violated 35 U.S.C. § 271 by infringing one or more claims of the

20  '487 patent through their manufacture, use, importation, offer for sale, and/or sale of the portable

21  laser device for alignment tasks, sold under the name 'RoboVector™,' and other names."  *Id.* ¶ 31.

22  In addition, "[d]efendants have violated 35 U.S.C. § 271(f) by supplying all or a substantial portion

23  of the components of a device infringing the '487 patent in such a way as to induce the assembly of

24  such a device outside of the United States, and/or by supplying at least one component specifically

25  designed or adapted for such an infringing device, knowing and intending that such component will

26  be used in such infringing device outside of the United States."  *Id.* ¶ 32.

27

28  ORDER DEFERRING RULING UPON TOOLZ LTD.'S, STILLMAN'S, FERACO'S, SCHUCHERT'S, AND SHEA'S MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION; GRANTING TOOLZ GMBH'S MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION AND TO QUASH SERVICE; GRANTING TOOLZ LTD.'S MOTION TO QUASH SERVICE; AND
GRANTING BUTLER'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM—No. C-06-04585 RMW
SPT                                                                                          16

**United States District Court**
For the Northern District of California

1    The court does not find these allegations sufficient to give each named defendant sufficient

2   notice of the particular claims and grounds for the claims against them.  Although there may be

3   some overlap in the alleged conduct upon which claims against the different corporate defendants

4   and individual defendants rest, the parties do not dispute that each corporate defendant and the

5   individual defendants have different roles within defendants' corporate structure.  In amending its

6   complaint, PLS should include allegations of the defendants' alleged roles in violating sections 271

7   and 271(f) and the grounds for asserting such claims against them.

8              **3.      Leave to Amend**

9    Defendants argue that leave to amend the breach of Settlement Agreement claim against

10  Butler would be futile as Butler was not a party to the Agreement.  The court does not find that leave

11  to amend would be futile.  In *Sessions*, 517 F.2d at 760, the Ninth Circuit, found that although the

12  named individual defendants were not signatories to the contract at issue, the "claim, when judged

13  by the standards for dismissal under the Federal Rules, could well be read to state a cause of action

14  in tort against the individual defendants not signatories to the contract."  The court found that "the

15  complaint could be taken as asserting that the named individual employees, . . . possibly acting at the

16  company's behest, tortiously interfered with that contractual relationship to appellant's detriment."

17  *Id.*  The court thus concluded that "[t]he fact that appellant mislabeled his cause of action against the

18  individual defendants is irrelevant, so long as he was entitled to relief against them on any theory."

19  *Id.* at 760-61 (citations omitted).  The court finds this reasoning applicable here.  Although PLS may

20  not have a breach of contract claim against Butler, given the allegations of the contractual provisions

21  of the Settlement Agreement, the court cannot conclude that PLS may not amend its claim to state a

22  tort cause of action or other claim, particularly in light of the liberality in which leave to amend is

23  given pursuant to Rule 15(a).  *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th

24  Cir. 2003).

25              **III.  ORDER**

26    For the foregoing reasons, the court the court DEFERS ruling upon defendants Toolz Ltd.'s,

27  Stillman's, Feraco's, Schuchert's, and Shea's motion to dismiss for lack of personal jurisdiction

28  ORDER DEFERRING RULING UPON TOOLZ LTD.'S, STILLMAN'S, FERACO'S, SCHUCHERT'S, AND SHEA'S MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION; GRANTING TOOLZ GMBH'S MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION AND TO QUASH SERVICE; GRANTING TOOLZ LTD.'S MOTION TO QUASH SERVICE; AND
GRANTING BUTLER'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM—No. C-06-04585 RMW
SPT                                                                                        17

**United States District Court**
For the Northern District of California

1  pending additional jurisdictional discovery as to the agency theory against Toolz Ltd. and as to

2  defendants Stillman's, Feraco's, Schuchert's, and Shea's California contacts.  Said defendants may re-

3  notice their motions after ninety days.  The court (1) GRANTS defendants' motion to dismiss the

4  complaint against Toolz GmbH for lack of personal jurisdiction and to quash service as to Toolz

5  GmbH without leave to cure defective service; (2) GRANTS defendants' motion to quash service of

6  process as to Toolz Ltd. with leave to cure defective service; and (3) GRANTS defendant Butler's

7  motion to dismiss PLS's claims for failure to state a claim with leave to amend its claims.  Plaintiff

8  shall file its amended complaint within forty-five (45) days from the date of this order.

9

10  DATED:      7/9/07                              _Ronald M Whyte_

11                                              RONALD M. WHYTE
                                                United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  ORDER DEFERRING RULING UPON TOOLZ LTD.'S, STILLMAN'S, FERACO'S, SCHUCHERT'S, AND SHEA'S MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION; GRANTING TOOLZ GMBH'S MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION AND TO QUASH SERVICE; GRANTING TOOLZ LTD.'S MOTION TO QUASH SERVICE; AND
GRANTING BUTLER'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM—No. C-06-04585 RMW
SPT                                        18

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

Howard G. Pollack          pollack@fr.com
Katherine D. Prescott      prescott@fr.com

**Counsel for Defendants:**

Mary Jo Shartsis           mjs@sfglaw.com
Simone Marie Katz          skatz@sflaw.com
James P. Martin            jmartin@sflaw.com


Counsel are responsible for distributing copies of this document to co-counsel that have not
registered for e-filing under the court's CM/ECF program.


**Dated:**      7/9/07                    SPT
                              **Chambers of Judge Whyte**

**United States District Court**
For the Northern District of California

ORDER DEFERRING RULING UPON TOOLZ LTD.'S, STILLMAN'S, FERACO'S, SCHUCHERT'S, AND SHEA'S MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION; GRANTING TOOLZ GMBH'S MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION AND TO QUASH SERVICE; GRANTING TOOLZ LTD.'S MOTION TO QUASH SERVICE; AND
GRANTING BUTLER'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM—No. C-06-04585 RMW
SPT                                              19